# EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | C/A NO.: 2022-CP-26-_____ |
| ) | |
| Melissa Martin, Jasmine Best, Brianna Jacobs, ) | |
| Ashley Beers, Colin Muirhead, Janet Romero, ) | |
| Caroline Barnette, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| vs. ) | |
| ) | |
| LuLu's Myrtle Beach, LLC d/b/a Lucy Buffett's ) | **SUMMONS** |
| LuLu's, and d/b/a LuLu's North Myrtle Beach, ) | |
| Lucy Buffett, individually, George Martin, ) | **JURY TRIAL DEMANDED** |
| individually, Gerald Tipton, individually, Cheryl ) | |
| Coesens, individually, Vanessa Owens, ) | |
| individually, Robin Hinton, individually, ) | |
| Douglas "Todd" Goings, individually, and ) | |
| Tonya Clayton, individually, ) | |
| ) | |
| ) | |
| DEFENDANTS. ) | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscriber or subscribers at their offices: William J. Luse, Esq. located at 917 Broadway Street, Myrtle Beach, SC 29577 and, Lisa Poe Davis, Esq. and Gene M. Connell, Jr. Esq. at Kelaher, Connell & Connor, P.C. located at the Courtyard, Suite 209, 1500 U.S. Highway 17 North, Surfside Beach, South Carolina 29587, within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid; the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

1

ELECTRONICALLY FILED - 2022 May 06 2:30 PM - HORRY - COMMON PLEAS - CASE#2022CP2602946

        Respectfully Submitted,

        **LAW OFFICE OF WILLIAM J. LUSE**

        *s/William J. Luse*
        William J. Luse, Esq.
        S.C. Bar No.: 72790
        917 Broadway Street
        Myrtle Beach, SC 29577
        Phone: 843-839-4795
        Fax: 843-839-4815
        bill@getlusenow.com

        **KELAHER, CONNELL & CONNOR, P.C**

        *s/Lisa Poe Davis*
        Lisa Poe Davis
        S.C. Bar No.: 15251
        Gene M. Connell, Jr., Esq.
        S.C. Bar No.: 1358
        Suite 209, The Courtyard
        1500 U.S. Highway 17 North
        P.O. Drawer 14547
        Surfside Beach, SC 29587-4547
        Phone: 843-238-5648
May 6, 2022        ldavis@classactlaw.net
Surfside Beach, SC        Attorneys for Plaintiff

ELECTRONICALLY FILED - 2022 May 06 2:30 PM - HORRY - COMMON PLEAS - CASE#2022CP2602946

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | C/A NO.: 2022-CP-26-_____ |
| ) | |
| Melissa Martin, Jasmine Best, Brianna Jacobs, ) | |
| Ashley Beers, Colin Muirhead, Janet Romero, ) | |
| Caroline Barnette, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| vs. ) | |
| ) | |
| LuLu's Myrtle Beach, LLC d/b/a Lucy Buffett's ) | **COMPLAINT** |
| LuLu's, and d/b/a LuLu's North Myrtle Beach, ) | |
| Lucy Buffett, individually, George Martin, ) | (Violation of the SC Wage Payment Act) |
| individually, Gerald Tipton, individually, Cheryl ) | |
| Coesens, individually, Vanessa Owens, ) | **JURY TRIAL DEMANDED** |
| individually, Robin Hinton, individually, ) | |
| Douglas "Todd" Goings, individually, and ) | |
| Tonya Clayton, individually, ) | |
| ) | |
| ) | |
| DEFENDANTS. ) | |

Plaintiffs, Melissa Martin, Jasmine Best, Brianna Jacobs, Ashley Beers, Colin Muirhead, Janet Romero and Caroline Barnette complaining of the acts of Defendants Lulu's Myrtle Beach, LLC d/b/a Lucy Buffett's Lulu's, and d/b/a Lulu's North Myrtle Beach, ("Lulu's"); Lucy Buffett, individually, George Martin individually, Gerald Tipton, individually, Cheryl Coesens, individually Vanessa Owens, individually Robin Hinton, individually, Douglas "Todd" Goings, individually and Tonya Clayton, individually, (Lulu's Myrtle Beach, LLC d/b/a Lucy Buffett's Lulu's, and d/b/a Lulu's North Myrtle Beach, Lucy Buffett, George Martin, Gerald Tipton, Cheryl Coesens, Vanessa Owens, Robin Hinton, Douglas "Todd" Goings, and Tonya Clayton, collectively "Defendants") allege as follows:

3

ELECTRONICALLY FILED - 2022 May 06 2:30 PM - HORRY - COMMON PLEAS - CASE#2022CP2602946

## NATURE OF CLAIM

1. This action is brought as an action for payment of wages and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA").

## PARTIES, JURISDICTION, and VENUE

1. Plaintiff, Melissa Martin is a citizen and resident of Horry County, South Carolina. At all times complained of herein, the Plaintiff was an employee of the Defendants as defined by SCPWA.

2. Plaintiff, Jasmine Best is a citizen and resident of Horry County, South Carolina. At all times complained of herein, the Plaintiff was an employee of the Defendants as defined by SCPWA.

3. Plaintiff, Briana Jacobs is currently a citizen and resident of Marlboro County, South Carolina. At all times complained of herein, the Plaintiff was an employee of the Defendants as defined by SCPWA and was a citizen and resident of Horry County, South Carolina.

4. Plaintiff, Ashley Beers is a citizen and resident of Horry County, South Carolina. At all times complained of herein, the Plaintiff was an employee of the Defendants as defined by SCPWA.

5. Plaintiff, Colin Muirhead is a citizen and resident of Horry County, South Carolina. At all times complained of herein, the Plaintiff was an employee of the Defendants as defined by SCPWA.

6. Plaintiff, Janet Romero is currently a citizen and resident of Supply, North Carolina. At all times complained of herein, the Plaintiff was an employee of the Defendants as defined by SCPWA and was a citizen and resident of Horry County, South Carolina.

ELECTRONICALLY FILED - 2022 May 06 2:30 PM - HORRY - COMMON PLEAS - CASE#2022CP2602946

7. Plaintiff, Caroline Barnette is currently a resident of Matthews, North Carolina. At all times complained of herein, the Plaintiff was an employee of the Defendants as defined by SCPWA and was a citizen and resident of Horry County, South Carolina.

8. Lulu's Myrtle Beach, LLC is a South Carolina limited liability company organized and existing pursuant to the laws of the State of South Carolina and maintaining offices and agents in Horry County, South Carolina. Lulu's Myrtle Beach, LLC is an employer of individuals and operates a restaurant and bar in Horry County, South Carolina, doing business as Lucy Buffett's Lulu's and/or doing business as Lulu's North Myrtle Beach. Further, at all times complained of herein Lulu's was the employer of the Plaintiff as defined by SCPWA.

9. Upon information and belief, Lucy Buffett is a citizen and resident of one of the states of the United States and is an owner and/or member and/or agent, and/or officer of Lulu's Myrtle Beach, LLC. Further, at all times complained of herein Lucy Buffett was the employer of the Plaintiff as defined by SCPWA.

10. Upon information and belief, George Martin is a citizen and resident of one of the states of the United States and is an owner and/or member and/or agent, and/or officer of Lulu's Myrtle Beach, LLC. Further, at all times complained of herein George Martin was the employer of the Plaintiff as defined by SCPWA.

11. Upon information and belief, Gerald Tipton is a citizen and resident of one of the states of the United States and is an owner and/or member and/or agent, and/or officer of Lulu's Myrtle Beach, LLC. Further, at all times complained of herein Gerald Tipton was the employer of the Plaintiff as defined by the SCPWA.

5

12. Upon information and belief, Cheryl Coesens is a citizen and resident of Horry County, South Carolina, and is the general manager of Lulu's Myrtle Beach, LLC, or otherwise is an agent of Lulu's.

13. Upon information and belief, Vanessa Owens is a citizen and resident of Horry County, South Carolina, and was the general manager of Lulu's Myrtle Beach, LLC during certain periods during the times complained of herein, or otherwise was an agent of Lulu's.

14. Upon information and belief, Robin Hinton is a citizen and resident of Horry County, South Carolina, and was the general manager of Lulu's Myrtle Beach, LLC during certain periods during the times complained of herein, or otherwise was an agent of Lulu's.

15. Upon information and belief, Douglas "Todd" Goings is a citizen and resident of Horry County, South Carolina and was the general manager of Lulu's Myrtle Beach, LLC during certain periods during the times complained of herein, or otherwise was an agent of Lulu's.

16. Upon information and belief, Tonya Clayton, is a citizen and resident of Horry County, South Carolina and was the general manager of Lulu's Myrtle Beach, LLC during certain periods during the times complained of herein, or otherwise was an agent of Lulu's.

17. The events giving rise to this claim occurred primarily in Horry County, South Carolina and, therefore, this Court has jurisdiction over the parties and subject matter.

18. The work and pay records, including the "tip-out" reports, of Plaintiffs, are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to state law, to maintain and preserve such payroll and other employment

6

ELECTRONICALLY FILED - 2022 May 06 2:30 PM - HORRY - COMMON PLEAS - CASE#2022CP2602946

records from which the amount of Defendants' liability can be ascertained. Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

19. Plaintiffs are informed and believe that the Defendants have policies and/or procedures whereby servers and or bartenders are paid less than required under the SCPWA by the Defendants use of an unlawful tip credit scheme and an unlawful tip pooling scheme in violation of the SCPWA. In addition, Defendants did not pay Plaintiffs and/or other servers and/or bartenders the lawful rate of wages due as provided under the SCPWA.

20. Each of the Plaintiffs' individual claims under the SCPWA is not in an amount that exceeds $74,999.00.

## FACTS

21. Plaintiffs re-allege each and every allegation contained in the above paragraphs as if repeated verbatim.

22. Plaintiff Melissa Martin was employed by "Lulu's" from approximately June of 2018 through on or about September 30th of 2018 as a server. Plaintiff Melissa Martin again worked as an employee of "Lulu's" from on or about November of 2018 until on or about March of 2019 also as a server. Plaintiff later returned to work for the Defendants as a front of the house manager.

23. Plaintiff Jasmine Best was employed by "Lulu's" from approximately June of 2019 through on or about September of 2019. During Plaintiff's employment with Defendants the Plaintiff worked as a server and as a food runner.

7

ELECTRONICALLY FILED - 2022 May 06 2:30 PM - HORRY - COMMON PLEAS - CASE#2022CP2602946

24. Plaintiff Brianna Jacobs was employed by "Lulu's from approximately May of 2019 through on or about March of 2021. The Plaintiff was employed by the Defendants as a server.

25. Plaintiff Ashley Beers was employed by "Lulu's" from approximately April of 2021 through on or about October of 2021 as a server.

26. Plaintiff Colin Muirhead was employed by "Lulu's from approximately May of 2018 through on or about February of 2020 as a bartender.

27. Plaintiff Janet Romero was employed by "Lulu's" from approximately May of 2018 through the April of 2019 as a server.

28. Plaintiff Caroline Barnette was employed by "Lulu's" from approximately May of 2019 through on or about August of 2019 as a bartender. Plaintiff Caroline Barnette also worked for the Defendants as a bartender from on or about March of 2020 through August of 2020 and again from on or about March of 2021 through on or about August of 2021.

29. Defendants paid Plaintiffs, and on information other servers and bartenders of "Lulu's" a direct, or hourly, wage that violated the SCPWA by wrongfully taking a "Tip Credit" while requiring Plaintiffs and/or other servers and bartenders to perform non-tip producing duties in excess of that allowed by law.

30. Plaintiffs, and/or other servers or bartenders, would often work overtime for the Defendants particularly during the busy season which ran from early May until Labor Day weekend. Defendants violated the SCPWA when they did not pay Plaintiffs, and/or other servers and bartenders who worked at "Lulu's" the lawful wages due.

8

31. Defendants had a policy that required Plaintiffs, and on information and belief, all servers and bartenders, to remit, from the tips they received a portion of their tips at the end of each shift into the mandatory Tip Pool.

32. Defendants had a policy that required Plaintiffs, and on information and belief, all servers and bartenders, to remit, from the tips they received a portion of their tips at the end of each shift to supervisors, managers, and/or the "house."

33. Defendants had a policy that required Plaintiffs, and on information and belief, all servers and bartenders, to perform non tip producing work, including, but not limited to, working in "Lulu's" kitchen or performing non tip producing duties such as deep cleaning while paying Plaintiffs and/or other servers and bartenders of "Lulu's" at a rate that violated the SCPWA.

34. Defendants had a policy that required Plaintiffs, and on information and belief all bartenders and servers, to purchase "Lulu's" T-shirts from the Defendants despite the Defendants taking a Tip Credit and paying the Plaintiffs less than the lawful rate under the SCPWA for their work.

**FOR A FIRST CAUSE OF ACTION**
**(VIOLTION OF THE SOUTH CAROLINA PAYMENT OF WAGES ACT)**

35. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

36. Each Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

37. Defendants employed Plaintiffs and/or other bartenders and servers within the State of South Carolina.

9

38. Plaintiffs worked for Defendants with the clear understanding and agreement with Defendants that their compensation would be consistent with all applicable laws, including state wage laws.

39. Plaintiffs had an employment agreement with Defendants whereby they would be paid wages for all hours he worked.

40. SCPWA § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

41. Money received by Plaintiffs as tips were "wages" as defined by SCPWA, § 41-10-10(2).

42. Pursuant to SCPWA § 41-10-40(c) an employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state law.

43. Defendants illegally deducted amounts from the wages of Plaintiffs and upon information and belief, all other servers and bartenders in violation of the SCPWA.

44. Defendants owe Plaintiffs and/or other bartenders and servers who worked at "Lulu's" the tips that were illegally deducted from their wages.

45. Defendants owe Plaintiffs and/or other bartenders and servers who worked at "Lulu's" at least the minimum lawful amount as provided under the SCPWA for all hours that they worked.

46. Plaintiffs, and upon information and belief other bartenders and servers were not paid all wages due by Defendants as required by 40-10-40(D).

10

47. Plaintiffs, and upon information and belief, other bartenders and servers were not paid all wages due because Plaintiffs were not paid properly under the SCPWA, and because Plaintiffs and or other employees incurred expenses for the benefit of the Defendants, and they had improper deductions taken from their wages and tips.

48. Defendants owe Plaintiffs and/or other servers and bartenders of "Lulu's" for any amounts charged to them for the purchase of T-shirts or aprons.

49. Defendants' actions were willful, and Defendants have no good faith reason why they took these actions.

50. Pursuant to S.C. Code § 41-10-80(c), Plaintiffs and/or other servers and bartenders who worked at "Lulu's are entitled to recover in this action an amount equal to three times the full amount of their deducted wages, as outlined above, plus costs and reasonable attorneys' fees.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs pray for all of the following relief:

    a. A declaratory judgment that the practices complained of herein are unlawful under the SCWPA;

    b. An order of this Court requiring Defendants to preserve all payroll records and other employment records during the pendency of this action.

    c. Actual damages in the amount of wages due under SCPWA;

    d. Treble damages pursuant to SCPWA;

    e. Reasonable attorney's fees and costs;

    f. Such further relief as the Court deems just and proper.

ELECTRONICALLY FILED - 2022 May 06 2:30 PM - HORRY - COMMON PLEAS - CASE#2022CP2602946

ELECTRONICALLY FILED - 2022 May 06 2:30 PM - HORRY - COMMON PLEAS - CASE#2022CP2602946

Respectfully Submitted,

**LAW OFFICE OF WILLIAM J. LUSE**

*s/William J. Luse*
William J. Luse, Esq.
S.C. Bar No.: 72790
917 Broadway Street
Myrtle Beach, SC 29577
Phone: 843-839-4795
Fax: 843-839-4815
bill@getlusenow.com

**KELAHER, CONNELL & CONNOR, P.C**

*s/Lisa Poe Davis*
Lisa Poe Davis
S.C. Bar No.: 15251
Gene M. Connell, Jr., Esq.
S.C. Bar No.: 1358
Suite 209, The Courtyard
1500 U.S. Highway 17 North
P.O. Drawer 14547
Surfside Beach, SC 29587-4547
Phone: 843-238-5648
ldavis@classactlaw.net
Attorneys for Plaintiff

May 6, 2022
Surfside Beach, SC

12